UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 15-227(1) (JRT/SER)

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) PLEA AGREEMENT AND |
| v. | ) SENTENCING STIPULATIONS ) |
| SABRINA AWEYS IKAR, | ) ) |
| Defendant. | ) |

The United States of America and the defendant, SABRINA AWEYS IKAR, agree to resolve this case on the following terms and conditions. This plea agreement binds only the defendant and the United States Attorney's Office for the District of Minnesota. It does not bind any other United States Attorney's Office or any other federal or state agency.

1. **Charges.** The defendant agrees to plead guilty to Counts 1 and 2 of the indictment. Count 1 charges the defendant with conspiracy to provide false statements during the acquisition of firearms in violation of Title 18, United States Code, Sections 371, 922(a)(6) and 924(a)(2). Count 2 charges the defendant with aiding and abetting another to provide a false statement during the acquisition of a firearm in violation of Title 18, United States Code, Sections 2, 922(a)(6) and 924(a)(2)  The government agrees to move to dismiss the remaining counts of the indictment as to this defendant at the time of sentencing.

2. **Factual Basis.** The defendant agrees to the following facts and further agrees that, were this matter to go to trial, the United States would prove the following facts

SCANNED
OCT 1 6 2015
U.S. DISTRICT COURT MPLS

beyond a reasonable doubt: From February 14, 2015, through June 9, 2015, the defendant purchased the six firearms referenced in the indictment in five transactions from Bill's Gun Shop and Range, Robbinsdale, Minnesota, a licensed dealer of firearms. She did so on behalf and at the urging of her co-defendant, Fausi Ibrahim Mohamed ("Mohamed"). For each transaction, the defendant completed an ATF Form 4473 (Firearms Transaction Record) and stated to question number 11.a. that she was the actual buyer of the firearm. The form listed a warning that read: "You are not the actual buyer if you are acquiring the firearms(s) on behalf of another person." After each purchase, the defendant transferred the firearms to Mohamed for his own personal use. For example, on February 14, 2015, as charged in Count 2 of the indictment, the defendant purchased a Smith & Wesson, Model MP9, 9 millimeter semi-automatic pistol, serial number HUR9123, at the request of Mohamed, which she later transferred to him. The defendant stipulates and agrees that she conspired with Mohamed to acquire the above-referenced firearms by knowingly making false and fictitious written statements to Bill's Gun Shop and Range; that the defendant intended to deceive employees of Bill's Gun Shop and Range to a material fact to the lawfulness of the acquisition of the firearms; that the defendant knew at the time of the acquisition of the firearms that she was not the actual buyer of the firearms; that the defendant transferred the firearms to Mohamed after she purchased them; that the defendant acted voluntarily; and that the defendant knew at the time that her actions violated the law.

3. **Statutory Penalties**. The parties agree that Count 1 of the indictment carries the following statutory penalties:

    a. a maximum of five years' imprisonment;

    b. a supervised release term of up to three years;

    c. a fine of up to $250,000; and

    d. a mandatory special assessment of $100.

4. **Statutory Penalties (Count 2)**. The parties agree that Count 2 of the indictment carries the following statutory penalties:

    e. a maximum of 10 years' imprisonment;

    f. a supervised release term of up to three years;

    g. a fine of up to $250,000; and

    h. a mandatory special assessment of $100.

5. **Revocation of Supervised Release**. The defendant understands that if she were to violate any condition of supervised release, she could be sentenced to an additional term of imprisonment up to the length of the original supervised release term, subject to the statutory maximums set forth in 18 U.S.C. § 3583.

6. **Guideline Calculations**. The parties acknowledge the defendant will be sentenced in accordance with 18 U.S.C. §§ 3551, *et seq.* Nothing in this plea agreement should be construed to limit the parties from presenting any and all relevant evidence to the Court at sentencing. The parties also acknowledge the Court will consider the United States Sentencing Guidelines in determining the appropriate sentence and stipulate to the following guideline calculations:

3

a. <u>Base Offense Level</u>. The government will argue that the base offense level for this offense is 14 because the defendant committed the offenses with knowledge or reason to believe that the offenses would result in the transfer of firearms to a prohibited person, as her co-defendant was an unlawful user of controlled substances. USSG § 2K2.1(a)(6)(C); 18 U.S.C. § 922(g)(3). The defendant reserves the right to contest this issue and to argue that the base offense level is 12. USSG § 2K2.1(a)(7).

b. <u>Specific Offense Characteristics</u>. The parties agree that the offense level should be increased by two levels because three to seven firearms were involved in the offense. USSG § 2K2.1(b)(1)(A). The government will argue that the offense level should be further increased by four levels because the defendant engaged in the trafficking of firearms, *see* USSG § 2K2.1(b)(5), and by four levels because the defendant possessed and transferred firearms with knowledge or reason to believe that they would be used or possessed in connection with other felony offenses, *see* USSG § 2K2.1(b)(6)(B). The defendant reserves the right to contest these latter two enhancements. The parties agree that no other specific offense characteristics apply in this case.

c. <u>Acceptance of Responsibility and Other Chapter Three Adjustments</u>. The parties agree that if the defendant (1) provides full, complete and truthful disclosures to the United States Probation and Pretrial Service Office, including providing complete, accurate and truthful financial information; (2) testifies truthfully during the change of plea and sentencing hearings; (3) complies with this agreement; and (4) undertakes no act inconsistent with acceptance of responsibility before the time of sentencing, the government agrees to recommend that the defendant receive a two-level reduction for acceptance of responsibility under USSG § 3E1.1(a), and to move for an additional one-level reduction under § 3E1.1(b) (if the defendant's offense level is determined to be 16 or greater). Whether there will be a reduction for acceptance of responsibility shall be determined by the Court in its discretion. The parties agree that no other Chapter Three adjustments apply in this case.

d. <u>Criminal History Category</u>. Based on the information currently available to the parties, the defendant appears to have a criminal history category of I. The defendant's actual criminal history will be determined by the Court based on the information presented in the presentence investigation and by the parties at the time of sentencing. If the defendant's criminal history category is greater than I, the

4

defendant agrees it will not provide her with a basis to withdraw the defendant's plea of guilty.

    e.    <u>Guideline Range (Government Position)</u>. If the defendant's total offense level is 21 (base offense level of 14, increased by 10 levels as referenced in paragraph 6.b., above, and decreased by three levels for acceptance of responsibility), and her criminal history category is I, the guideline range would be 37 to 46 months.

    f.    <u>Guideline Range (Defense Position)</u>. If the defendant's total offense level is 12 (base offense level of 12, increased by two levels as referenced in paragraph 6.b., above, and decreased by two levels for acceptance of responsibility), and her criminal history category is I, the guideline range would be 10 to 16 months.

    g.    <u>Fine Range</u>. If the total offense level is 21, the fine range would be $7,500 to $75,000. If the total offense level is 12, the fine range would be $3,000 to $30,000. USSG § 5E1.2.

    h.    <u>Supervised Release</u>. The Sentencing Guidelines call for a term of supervised release of at least one year but not more than three years. USSG § 5D1.2.

    i.    <u>Sentencing Recommendations</u>. The parties reserve the right to make departure and variance motions and to argue for a sentence outside of the applicable guideline range.

7. **Discretion of the Court**. The foregoing stipulations bind the parties but not the Court. The parties understand the Sentencing Guidelines are advisory and their application is a matter falling solely within the Court's discretion. The Court may make its own determination regarding the applicable guideline factors and the applicable criminal history category. The Court may also depart from the applicable Guidelines. If the Court determines the applicable guideline calculations or the defendant's criminal history category are different from that stated above, the parties may not withdraw from this agreement, and the defendant will be sentenced pursuant to the Court's determinations.

5

8. **Special Assessments**. The Guidelines require payment of a special assessment in the amount of $~~$100~~ $200. USSG § 5E1.3. The defendant agrees to pay the special assessment prior to sentencing.

9. **Waiver of Appeal**. The parties are expressly aware that Title 18, United States Code, Section 3742, affords them the right to appeal the sentence imposed in this case. Acknowledging this right, the parties hereby waive all rights conferred by Title 18, United States Code, Section 3742, to appeal the sentence on any ground except the defendant may appeal the sentence if the term of imprisonment imposed is greater than 46 months, and the government may appeal the sentence if the term of imprisonment imposed is less than 10 months.

10. **Forfeitures**. The defendant agrees to forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), all of the defendant's right, title and interest in the property described in the Forfeiture Allegation.

11. **Complete Agreement**.   This, along with any agreement signed by the parties before entry of plea, is the entire agreement and understanding between the United States and the defendant.   There are no other agreements, promises, representations, or understandings.

Dated: 10/14/2015

ANDREW M. LUGER
United States Attorney

*(signature)*

BY: THOMAS M. HOLLENHORST
Assistant United States Attorney
Attorney ID No. 46322

Dated: 10/14/2015

*(signature)*
SABRINA AWEYS IKAR
Defendant

Dated: 10/14/15

*(signature)*
DOUGLAS OLSON, ESQ.
Attorney for Defendant

7