UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 15-227(1) (JRT/SER)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | GOVERNMENT'S POSITION ON |
| v. | ) | SENTENCING |
| | ) | |
| SABRINA AWEYS IKAR, | ) | |
| | ) | |
| Defendant. | ) | |

COMES NOW the United States of America, by and through its undersigned attorneys, Andrew M. Luger, United States Attorney for the District of Minnesota, and Thomas M. Hollenhorst, Assistant United States Attorney, and submits the following position on sentencing.

## Guideline Range

The government concurs with the probation office that the defendant has a total offense level of 21 and a criminal history category of I.   This results in a guideline range of 37 to 46 months.   Presentence Investigation Report ("PSR") at ¶ 70.   For the reasons that follow, the government believes that a six-level downward variance to a sentence in the range of 18 to 24 months is sufficient, but not greater than necessary, to serve the goals of sentencing in this case.

## Procedural History

On August 11, 2015, the defendant and co-defendant Fausi Ibrahim Mohamed ("Mohamed") were named in a six-count indictment which charged them with conspiracy to provide false statements during the acquisition of firearms (Count 1) in violation of 18

U.S.C. §§ 371, 922(a)(6) and 924(a)(2), and five counts of providing false statements during the acquisition of firearms (Counts 2-6) in violation of 18 U.S.C. §§ 2, 922(a)(6) and 924(a)(2). District Court Docket ("DCD") 1. On October 14, 2015, the defendant pled guilty to Counts 1 and 2 of the indictment in return for the government's agreement to dismiss the remaining counts. DCDs 49, 53.

### The Nature and Circumstances of the Offense

From February 14, 2015, through June 9, 2015, the defendant purchased six firearms in five separate transactions from Bill's Gun Shop and Range, Robbinsdale, Minnesota, a licensed dealer of firearms. DCD 53 at ¶ 2; PSR at ¶¶ 8-13. She did so on behalf, and at the urging, of Mohamed. *Id.* During each transaction, she completed an ATF Form 4473 (Firearms Transaction Record) by stating that she was the actual buyer of the firearms. *Id.* Nevertheless, after each purchase, she transferred the firearms to Mohamed for his own personal use. *Id.*

On July 2, 2015, the police executed a search warrant at the defendant's and Mohamed's residence in Burnsville, Minnesota. Although the police did not find any firearms, they seized several empty gun boxes and miscellaneous firearms accessories. PSR at ¶ 15. Later that day, the defendant told the investigative agents that "a couple of firearms" had been stolen from the residence, that she was staying in Rochester (when she was, in fact, living in Burnsville), that she had firearms with her, and that the gun paraphernalia was in her residence because she would go to the gun range with Mohamed

and her friend.   *See* PSR at ¶ 16.   It is clear that the defendant's lies and half-truths were designed to distance herself and Mohamed from the illegal acquisition of the firearms.[1]

Many of the firearms acquired by the defendant later surfaced in connection with various crimes linked to Mohamed.   For example, on March 7, 2015, the police stopped a motor vehicle in Savage, Minnesota, for speeding.   PSR at ¶ 16; Mohamed PSR ("MPSR") at ¶ 71.   Mohamed was a passenger in the vehicle and was found in possession of 11.2 grams of marijuana, a scale, and a loaded Smith & Wesson handgun purchased by the defendant on February 14, 2015.   PSR at ¶ 16; MPSR at ¶ 71; DCD 1, Count 2.

On April 24, 2015, the police received a call from a motorist who reported that a man had pointed a gun at him.   PSR at ¶ 16.   In response, a Minnesota State Trooper stopped a vehicle occupied by Mohamed and another man.   *Id.*   The officers located a Smith & Wesson pistol purchased by the defendant on March 13, 2015.   PSR at ¶ 16; DCD 1, Count 3.   Police reports provided in discovery reflect that the pistol was loaded with 17 hollow point rounds.

On May 25, 2015, the police responded to a shooting in Minneapolis and found an injured man lying on the ground outside of an apartment complex.   PSR at ¶ 16.   The police discovered a spent shell casing at the scene that was later determined to have been shot by the Glock 17 Gen 4 purchased by the defendant on May 21, 2015.   PSR at ¶ 16; DCD 1, Count 5.

---

[1] .   After her arrest, law enforcement intercepted a number of telephone conversations between the defendant and Mohamed.   During many of these calls, the defendant disparaged the case agents and boasted that she would never go to jail. Although these comments may have come more from naïveté than from arrogance, they do not suggest the defendant has fully grasped the seriousness of her misconduct.

On June 4, 2015, the police received a report of a possible burglary of a business in Minneapolis.   PSR at ¶ 16.   Responding officers encountered Mohamed and three other men when they arrived at the scene.   The police seized from their vehicle three firearms, two of which were purchased by the defendant on April 26, 2015, and May 21, 2015.   PSR at ¶ 16; DCD 1, Counts 4-5.

On June 27, 2015, the police responded to a report of a shooting at a gas station in Burnsville.   PSR at ¶ 16; MPSR at ¶ 76.   When they arrived, they found a man lying on the ground with a gunshot wound to his back.   *Id.*   Witnesses said that someone matching Mohamed's description had just shot the victim.   *Id.*   Officers recovered a .45 caliber shell casing from the scene.   *Id.*   The description of the firearm and the type of shell casing were consistent with items purchased by the defendant on June 9, 2015.   PSR at ¶ 16; MPSR at ¶ 76; DCD 1, Count 6.   Mohamed later confessed to the shooting, but claimed that it was an accident.   PSR at ¶ 16, 18; MPSR at ¶ 76.

Mohamed appears to have possessed at least two other firearms last July.   On July 5, 2015, the police arrested him and three others in Minneapolis in which a victim reported that Mohamed had pointed a gun at him and threatened to shoot him.   PSR at ¶ 16; MPSR at ¶ 74.   The police recovered a stolen Glock 9 millimeter handgun at the scene.   *Id.*   On July 26, 2015, Mohamed was arrested in Prior Lake, Minnesota, in the Mystic Lake Casino parking lot after the police saw him snorting cocaine.   PSR at ¶ 16.   Later that day, while incarcerated at the Scott County Jail, Mohamed made a telephone call and instructed a person to hide a bag for him but to "watch out that thing is loaded."   PSR at ¶ 20.

Prior to his current legal problems, Mohamed was involved in at least three other incidents involving dangerous weapons. On April 1, 2011, Mohamed threatened to kill a fellow student with a switch blade knife. MPSR at ¶ 49. On April 11, 2013, Mohamed was arrested in Burnsville, Minnesota, after the police seized from him marijuana, a scale, two rounds of ammunition, and a .38 caliber revolver. PSR at ¶ 16; MPSR at ¶ 68. In January 2014, Mohamed was involved in an incident in which his vehicle was shot at by others in Hudson, Wisconsin. PSR at ¶ 16.

<u>The Criminal History of the Defendant</u>

The defendant has no prior convictions, no prior arrest history, and no pending charges. PSR at ¶¶ 44-50. As such, the defendant has no criminal history points and a Criminal History Category of I. PSR at ¶ 48.

<u>The History and Characteristics of the Defendant</u>

The defendant was born in Kenya and is 23 years old. PSR at ¶¶ 51-52. Her parents recently divorced and live separately in Rochester, Minnesota. PSR at ¶ 51. The defendant came to the United States with her family at the age of six. PSR at ¶ 52. She is now a United States citizen. *Id.* The defendant has seven siblings all who live with the defendant's mother. *Id.* The defendant's common law husband is Mohamed who, it appears, has been abusive to her. *See* PSR at ¶ 53. The defendant has two young children with Mohamed and is expecting another in April. PSR at ¶ 54. The defendant has never been hospitalized for any illnesses, nor has she ever been injured. PSR at ¶ 57. She reported no mental or emotional health concerns. PSR at ¶ 58. She has denied any past or present use of illegal drugs. PSR at ¶ 59. She attended twelfth grade but did not

receive a diploma.   PSR at ¶ 60.   The defendant has been unemployed since October 2015 and is now on public assistance.   PSR at ¶ 62.   She does not appear to have the ability to pay a fine.   PSR at ¶ 68.

<u>The Guideline Calculations</u>

In her objections to the PSR, the defendant takes issue with three of the guideline calculations.   First, she objects to a base offense level of 14, which was predicated on the defendant's knowledge that Mohamed was a prohibited person by reason of his drug use during the period of the conspiracy.   PSR Addendum ("Add") at p. 1.   As the probation officer correctly noted, however, Mohamed admitted that he was a regular marijuana user from about 2009 through about March 2015, and that the defendant was generally of his marijuana use.   PSR Add. at pp. 1-2.   Furthermore, it defies belief that the defendant was unaware of Mohamed's drug problems given his repeated arrests for drug possession. Second, the defendant objects to a four-level enhancement for trafficking in firearms. PSR Add. at p. 2   She maintains that the enhancement is only intended for individuals who intend to make a profit from buying and selling firearms.   *Id.*   But as the probation officer correctly notes, the guidelines do not require that a defendant profited from her crimes; rather, it is enough that a defendant transported, transferred, or otherwise disposed of two or more firearms to another individual and knew, or had reason to believe, that the individual would use the firearms unlawfully.   *Id.*   Third, the defendant objects to a four-level enhancement for having aided and abetted Mohamed's use of at least one of the firearms in connection with another felony offense.   *Id.*   Again, it strains credulity to believe that the defendant was unaware of Mohamed's ongoing felonious activities during

6

the period of the conspiracy.   It was through the defendant's assistance that Mohamed was able to acquire additional firearms to replace those seized by the police.

The Needs of Sentencing

Considering all of the sentencing factors under 18 U.S.C. § 3553(a), the government believes that a sentence of imprisonment in the range of 18 to 24 months is appropriate in this case.   The case is mitigated by the defendant's young age; the influence Mohamed may have brought to bear to influence the defendant (coupled with Mohamed's sometimes abusive behavior towards her); and the defendant's pregnancy and childcare issues.   The case is significantly aggravated by the defendant's repeated misconduct when she knew full well that Mohamed was engaged in serious and violent criminal activities involving the firearms she was acquiring for him.   The nature of the offense calls out for a prison sentence, albeit one lower than that contemplated by the Sentencing Guidelines.   On balance, the government believes that a sentence in the range of 18 to 24 months would serve the needs of sentencing to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence, to protect the public from further crimes of the defendant, and to avoid unwarranted sentencing disparities among defendants.

WHEREFORE, the government asks this Honorable Court to impose a sentence that includes a term of imprisonment in the range of 18 to 24 months.

Dated:   February 22, 2016

Respectfully submitted,

ANDREW M. LUGER
United States Attorney

s/*Thomas M. Hollenhorst*

BY: THOMAS M. HOLLENHORST
Assistant United States Attorney
Attorney ID No. 46322